UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-24695-BLOOM

CLIFFORD FRIEND,
DC NUMBER M90696,

    Petitioner,
v.

RICKY DIXON, Secretary,
Florida Department of Corrections,

    Respondent.
_____/

**ORDER ON MOTION FOR CLARIFICATION**

**THIS CAUSE is** before the Court upon Respondent, Secretary of the Florida Department of Corrections' Motion for Clarification ("Motion"). ECF No. [7]. Petitioner Clifford Friend filed a "Reply," ECF No. [11]. The Court has carefully reviewed the Motion, the Petition, the submissions in support and opposition, the record, and is otherwise fully advised. For the reasons that follow, Respondent's Motion is granted, and Friend's Petition is dismissed for untimeliness.

    **I.**    **FACTUAL BACKGROUND**

On March 7, 2012, Friend was charged by indictment in the state court with first-degree premeditated murder. ECF No. [7] at 2. The case proceeded to trial, where the jury ultimately found Friend guilty of the lesser included offense of second-degree murder. ECF No. [1] at 8. The judgment was rendered on August 13, 2014, and on September 11, 2014, Friend was sentenced to life imprisonment. ECF No. [8-1] at 3, 13. Friend initially filed a Rule 3.800(b), arguing his sentence was illegal. *Id.* at 75. The trial court denied the motion on November 14, 2014. *Id.* at 93.

Thereafter, Friend appealed his conviction, which the Third District Court of Appeal affirmed without opinion on September 7, 2016. *Id.* at 96.[1]

On May 2, 2017, Friend's post-conviction counsel, Sean Marcus, sent a public records request to the State for all emails contained in Friend's case, as he planned to use those documents in Friend's post-conviction review. ECF No. [1-2] at 18. Friend received two bills for his records request on May 8, 2017, and May 30, 2017, both of which Friend promptly paid on June 2, 2017. *Id.* After paying the bills, the State informed Friend that his request for more than 3,000 records would take "a 'few months.'" *Id.* When the State eventually provided the requested records between August 25, 2017 and October 4, 2017, it only turned over 1,704 documents, many of which "were formatted in strains t[hat] ma[d]e it virtually impossible to determine which emails were part of the same conversation."[2] ECF No. [1-2] at 18; ECF No. [11] at 3. Consequently, on November 20, 2017, Friend filed a civil suit in Miami-Dade County (Case No. 2017-026870-CA-01) to compel production of the missing materials. ECF No. [11] at 4. The civil suit took approximately eighteen months and resulted in the court granting summary judgment in favor of the State on May 3, 2019. *See* ECF No. [8-3] at 181.

While still litigating the public records case, Friend filed his motion to vacate judgment and sentence under Florida Rule of Criminal Procedure 3.850 on October 25, 2018. The lower court denied the motion to vacate on January 24, 2023, and the Third District issued its mandate affirming the lower court's decision on September 5, 2025. *See* ECF No. [8-3]. Friend thereafter filed his federal habeas petition on October 12, 2025. ECF No. [1].

---

[1] The mandate was issued on October 27, 2016. *See* ECF No. [8-1] at 95.

[2] After sending over the requested records to Friend, the State "also demanded an additional $1,080.00 from Friend" for its services. ECF No. [11] at 3.

In Respondent's Motion, it contends that Friend's instant Petition is untimely. ECF No. [7] at 1. Respondent points out that under 28 U.S.C. § 2244(d)(1)(A), "a person in custody pursuant to the judgment of a state court has one year from the date his or her judgment became final to file a section 2254 federal habeas petition." *Id.* at 3. Because Friend's appeal of his conviction and sentence was affirmed by the Third District without a written opinion on September 7, 2016, Respondent asserts that Friend had ninety days to appeal to the United States Supreme Court for a writ of certiorari. *Id.*[3] Since Friend did not appeal to the Supreme Court, Respondent contends that Friend's conviction and sentence became final on December 6, 2016. *Id.* 3-4. Accordingly, the one-year federal limitation period began to run on December 7, 2016. *Id.* While a timely filed state collateral action may statutorily toll the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") one-year limitation period, Respondent points out that Friend did not file his state motion to vacate judgment and sentence until October 25, 2018 (322 days after the one-year limitation period had expired). *See id.* Accordingly, by the time Friend finally filed his federal habeas petition on October 12, 2025, "687 days [had] passed without tolling the statute of limitations." *Id.* Therefore, Respondent insists that Friend's habeas petition must be dismissed for untimeliness.

Friend responds that Respondent incorrectly states the date his conviction became final. ECF No. [11] at 1. According to Friend, while the State began its finality calculation based on the date when his appeal was first affirmed, Friend points out that he timely submitted "a motion for rehearing on September 22, 2016, which was denied on October 10, 2016." *See id.* Consequently,

---

[3] A criminal defendant may not appeal to the Supreme Court of Florida if the state appellate court issues a *per curium* decision without a written opinion. *See Slaton v. Jones*, No. 16-21425-CIV, 2018 WL 11598649, at *2 (S.D. Fla. Feb. 7, 2018) (citing *Wells v. State*, 132 So. 3d 1110, 1113 (2014), *report and recommendation adopted sub nom. Slaton v. Fla. Dep't of Corr.*, No. 1:16-CV-21425-KMM, 2019 WL 13412415 (S.D. Fla. Mar. 28, 2019).

Friend maintains that his 90-day certiorari time began on October 11, 2016, making the date the conviction and sentence became final on January 9, 2017. *See id.* However, Friend's calculation would only extend the deadline to file his federal habeas petition to January 9, 2018, still well before the day he filed the petition on October 12, 2025. Friend argues that the remainder of the time is covered by a combination of equitable and statutory tolling.[4]

Friend argues he is entitled to equitable tolling from November 17, 2017 (when Friend initiated the civil action for public records), to October 25, 2018 (when he initiated his state collateral action). *See* ECF No. [1-2] at 20. According to Friend, he satisfied the equitable tolling requirements for this period by diligently pursuing his rights and suffering extraordinary circumstances that resulted in delays beyond his control. Friend contends "the State's conduct in failing to produce public records relevant to his motion for postconviction relief and the resulting [ ] required suit to achieve production of the records were [extraordinary] circumstances that were 'both beyond his control and unavoidable even with diligence.'" ECF No. [1] at 19 (quoting *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003)). Friend contends the requested records were necessary to support his state and federal habeas petitions, as he maintains he could not proceed without those materials. ECF No. [11] at 8. Friend insists that the diligence prong is also satisfied here because he filed "his Rule 3.850 motion for postconviction relief within the two-year state timeframe, . . . "pursu[ing] his rights through the evidentiary hearing, appeal, oral arguments, and rehearing on appeal. ECF No. [1-2] at 19. As such, Friend asserts equitable tolling is appropriate.

---

[4] Friend preemptively made some of his tolling arguments in the memorandum accompanying his habeas petition, *see* ECF No. [1-2] at 18-20, while some of Friend's arguments may be found in his Reply to Respondent's Motion. *See* ECF No. [11]. For the sake of clarity, and to avoid redundancy, the Court discusses Friend's arguments as if he had incorporated them all in one briefing.

4

As for the remaining period from October 25, 2018, to September 5, 2025, Friend argues the time is statutorily tolled by his state collateral action, which was filed on October 25, 2018, denied by the trial court on January 24, 2023, and affirmed by the Third District on September 5, 2025. *See* ECF No. [8-3]. Accordingly, because Friend maintains that equitable and statutory tolling covers the entire period from November 17, 2017 to September 5, 2025, his federal habeas petition was filed before the one-year statutory period had elapsed and is therefore timely. ECF No. [1-2] at 20.

Respondent argues that equitable tolling does not apply here, as several courts in this circuit have found that incomplete or delayed public records requests fail to constitute an extraordinary circumstance that would prevent a petitioner from filing their post-conviction claims. *See* ECF No. [7] at 6. Respondent insists that Friend's petition is untimely as he is unable to toll the time between when his conviction and sentence became final and the time he initiated the state collateral proceedings. *See id.* at 4.

## II.    LEGAL STANDARD

Federal review of state habeas petitions is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Section 2254 provides federal habeas relief for a person in state custody only if the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or if a petitioner's state-court claim resulted in decision that was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Brumfield v. Cain*, 576 U.S. 305, 311 (2015) (quotation marks omitted; quoting 28 U.S.C. § 2254(d)).

Pursuant to 28 U.S.C. § 2244(d), a one-year period of limitation "shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d). The statute of limitations begins to run one year after the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* §§ 2244(d)(1)(A)–(D).

Under § 2244(d)(1)(A), "the judgment becomes final . . . when the time for pursuing direct review in [the Supreme] Court, or in state court, expires." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (alterations added). Once AEDPA's one-year limitation period is triggered, the period may be tolled by either statutory or equitable tolling. *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008).

"The statutory tolling provision of AEDPA is codified at 28 U.S.C. § 2244(d)(2)." *Id.* Under the statute, "once the petitioner files a motion for post-conviction relief in state court, the AEDPA clock stops." *San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (citing 28 U.S.C. § 2244(d)(2) (tolling the limitation period for "[t]he time during which a properly filed

6

application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending")).[5] "The AEDPA clock resumes running when the state's highest court [in which the petitioner seeks review] issues its mandate disposing of the motion for post-conviction relief." *Id.* (quoting *Lawrence v. Florida*, 549 U.S. 327, 331–32 (2007)).

Equitable tolling may similarly toll the AEDPA limitation period "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002). However, unlike statutory tolling, "[e]quitable tolling is an extraordinary remedy which is typically applied sparingly." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

### III.    DISCUSSION

The timeliness of Friend's Petition turns on whether equitable tolling applies to the circumstances here. Even assuming Friend is otherwise correct about when the one-year federal habeas filing deadline began and when it was tolled, Friend's Petition would still be untimely if the Court finds that the period between the filing of his civil complaint (November 20, 2017) and when he filed his Rule 3.850 motion (October 25, 2018) cannot be equitably tolled. Accordingly, the Court addresses the equitable tolling question first.

Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline. *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1312 (11th Cir. 2001). However, "[e]quitable tolling is an extraordinary remedy which is typically applied sparingly." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (citing *Irwin v. Dept. of Veterans Affairs*, 498 U.S.

---

[5] The one-year limitation period is only statutorily tolled for timely filed applications for post-conviction relief. Therefore, if a petitioner seeks state collateral relief after the one-year limitation period has already lapsed, it will, of course, not toll the AEDPA clock. *See Tinker v. Moore*, 255 F.3d 1331-1333-34 (11th Cir. 2001) ("[A] state court petition like [petitioner's] that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'") (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)).

7

89, 96 (1990)). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011).

To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal citations and quotations omitted). "[T]he reasonable diligence and extraordinary circumstance requirements are not blended factors; they are separate elements, both of which must be met before there can be any equitable tolling." *Cadet v. Fla. Dept of Corr.*, 853 F.3d 1216, 1225 (11th Cir. 2017). To satisfy the diligence prong, the petitioner need only be reasonably diligent; he does not need to engage in the maximum feasible amount of diligence. *San Martin,* 633 F.3d at 1267. "As for the 'extraordinary circumstances' prong . . . a defendant [must] show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *Id.* "Determining whether a factual circumstance is extraordinary to satisfy equitable tolling depends not on 'how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period.'" *Cole v. Warden, Georgia State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014) (quoting *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008)).[6]

Here, the Court finds that while Friend acted with reasonable diligence in pursuing post-conviction relief, he fails to establish that extraordinary circumstances warrant equitable tolling. Friend argues that the unavoidable extraordinary circumstances were the "State-caused delay in

---

[6] The Court notes that when considering the circumstances, "[t]he focus of the inquiry regarding 'extraordinary circumstances' is 'on the circumstances surrounding the late filing of the habeas petition' and not on the circumstances of the underlying conviction, and whether the conduct of others prevented the petitioner from timely filing." *Arthur v. Allen*, 452 F.3d 1234, 1253 (11th Cir. 2006)

obtaining relevant files necessary to seek post[-]conviction relief." ECF No. [11] at 8. Friend points out that although he timely requested the files, promptly paid all the bills necessary to obtain the files, and even initiated a civil action to speed up the process, he could not control the fact that the State initially "turned over records which were non-responsive, incomplete, and at times nearly indecipherable" or that the speed of the courts in resoling his civil case was not enough to allow him to timely file his state habeas motion. *Id.* Friend's argument, however, faces several problems.

First, Friend fails to show that the documents sought were, in fact, necessary for his state and federal habeas proceedings. *See also Lugo v. Sec'y, Fla. Dep't of Corr.*, 750 F.3d 1198, 1209 (11th Cir. 2014) ("allegations supporting equitable tolling must be specific and not conclusory.") (quoting *Hutchinson v. Florida*, 677 F.3d 1097, 1099 (11th Cir. 2012)). While Friend and his counsel diligently pursued the State records, Friend fails to demonstrate why he could not have proceeded with his state habeas case without all the records, or at least why he could not have filed the motion and supplemented it with the additional records he eventually obtained from the State. *See Jackson v. Sec'y, Dep't of Corr.*, No. 8:19-CV-3152-T-33AAS, 2020 WL 2523310, at *3 (M.D. Fla. May 18, 2020) (finding petitioner's contention that he needed certain records to prepare his claims was conclusory and did "not explain why he could not prepare the claims before the AEDPA limitations period expired"). Friend's conclusory allegation that he needed the records sought in the civil action before he could initiate any state or federal habeas proceedings are belied by what transpired after Friend initiated the civil suit.

Friend admits that prior to obtaining any of the remaining 1,410 documents he sought during the civil litigation,[7] he filed his state motion to vacate judgment on October 25, 2018. Friend

---

[7] The Court notes that it is unclear whether Friend ever obtained any additional records from the State beyond the 1,704 documents the State initially provided between August 25, 2017, and October 4, 2017.

9

fails to explain why he could not have filed that exact motion to vacate by the January 9, 2018[8] deadline, especially given there is no indication that Friend received any additional records from the State between October 4, 2017,[9] and when he filed the motion on October 25, 2018. Without a demonstrated need for the materials, the Court is unwilling to find that civil litigation or the delay in receiving the sought-after records necessarily precluded Friend from filing in this case.

Furthermore, Friend offers no case law which suggests that the lack of access to records or the filing of a civil action justifies the untimely filing of a federal habeas petition. Indeed, the case law reflects the opposite conclusion. In *Jackson v. Sec'y, Dep't of Corr.*, No. 8:19-CV-3152-T-33AAS, 2020 WL 2523310, at *3 (M.D. Fla. May 18, 2020), the district court found that the "lack of a record is not an extraordinary circumstance warranting equitable tolling."[10] Other courts have similarly found that the unavailability of records does not preclude a prisoner from seeking post-conviction relief because "[i]n preparing the post-conviction motion, the prisoner 'must simply do the best he can from his recollection of the trial.'". *Henriquez-Hernandez v. Sec'y, Dep't of Corr.*, No. 8:19-CV-2940-WFJ-MRM, 2022 WL 3018267, at *3 (M.D. Fla. July 29, 2022) (quoting *Dorch v. State*, 483 So.2d 851, 852 (Fla. 1st DCA 1986)). In *Williams v. Sec'y, Dep't of Corr.*, the district court found that a petitioner's "public records request and litigation concerning the same [wa]s not a collateral attack and [wa]s irrelevant to [the AEDPA] time limitation calculation." No. 8:07-CV-458-T-30EAJ, 2009 WL 1046131, at *2 (M.D. Fla. Apr. 20, 2009). The court in *Reeves v. Sec'y, Dept' of Corr.*, similarly found that a "petition for [a] writ of mandamus seeking public

---

[8] The Court assumes without deciding that January 9, 2018, is one year from when Friend's conviction and sentence became final because, even using that later date, Friend's federal habeas petition is still untimely.

[9] October 4, 2017, is the last day Friend purports to have received any public records from the State. *See* ECF No. [11] at 3.

[10] *See also Lloyd v. Van Natta*, 296 F.3d 630, 633-34 (7th Cir. 2002) (holding that the state's alleged refusal to provide a petitioner with a complete trial transcript did not justify equitable tolling).

10

records" that did not challenge the petitioner's conviction "did not toll the AEDPA statute of limitation." While Friend attempts to distinguish the facts in each of those cases, the purported distinguishing facts are unpersuasive, and Friend ultimately fails to point the Court to a single case that would suggest that delayed access to records amounts to extraordinary circumstances warranting equitable relief. As such, the Court rejects Friend's first basis for equitable tolling.

Friend also argues that his attorney's mistaken belief that "the pending civil suit over the State attorney's file constituted a *per se* entitlement to equitable tolling" undermined his ability to timely file his petition. The Eleventh Circuit has been clear, however, that mere attorney negligence is insufficient to warrant equitable tolling. As the court explained in *Cadet*, "a petitioner 'bears the risk of negligent conduct on the part of his attorney' and, for that reason, is ordinarily bound by counsel's failure to meet a filing deadline," even where it is a result of the attorney's miscalculation of the filing deadline. 853 F.3d at 1223, 1225. Accordingly, the Court finds that counsel's misunderstanding that the filing of a civil action to obtain records tolled the AEDPA one-year limitation period does not entitle Friend to equitable tolling either. Therefore, because the Court finds that there are no extraordinary circumstances warranting equitable tolling, Friend's habeas petition is untimely and must be dismissed.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Respondent's Motion, **ECF No. [7]**, is **GRANTED**.

2. Friend's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254, **ECF No. [1]**, is **DISMISSED AS UNTIMELY**.

3. To the extent not otherwise disposed of, all pending motions are **DENIED AS MOOT,** and all deadlines are **TERMINATED.**

4. The Clerk of Court is directed to **CLOSE** this case.

Case No. 25-cv-24695-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 23, 2026.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record